# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RALPH SCHNEIDER,

    *Petitioner*,

vs.

E.K. MCDANIEL, *et al.*

    *Respondents*.

3:06-cv-00449-KJD-RAM

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on the petitioner's application (#88) for a certificate of appealability (COA). Petitioner seeks to appeal: (a) the order and judgment (## 85 & 86) denying Ground 1 on the merits; (b) the findings, conclusions, and order (#70) dismissing Grounds 3, 4, 5 and 6 as untimely; and (c) the dismissal by the same findings, conclusions and order of Grounds 2 and 7 on the basis of procedural default.

    As to the claims rejected by the district court on the merits, under 28 U.S.C. § 2253(c), the petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong." *Slack*, 529 U.S. at 484, 120 S.Ct. at 1604.

As to claims rejected on procedural grounds, the petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

The application will be granted in part and denied in part.

Out of an abundance of caution, a COA will be granted as to the following:

(a) the rejection (in #85) of Ground 1 on the merits but not, for the reasons discussed *infra*, as to the denial of an evidentiary hearing as to that ground;

(b) the holding (in #70, at 21-27) that Grounds 3, 4, 5 and 6 in the amended petition do not relate back to the original petition, but not, for the reasons discussed *infra*, as to petitioner's equitable tolling argument as to the period between the filing of the original federal petition and the amended petition; and

(c) the holding (in #70, at 41-43) that petitioner's mental condition did not provide a basis for cause excusing the procedural default of Grounds 2 and 7, but not, for the reasons discussed *infra*, as to petitioner's remaining arguments seeking to overcome the procedural bar.

The Court remains of the view, however, that its orders as to these grounds and issues were correctly decided under the current law and applicable standard of review.

A COA will be denied as to the remaining issues identified in the application, for the reasons discussed below.

### *Evidentiary Hearing on the Merits of Ground 1*

Jurists of reason would not find the district court's denial of an evidentiary hearing (in #85, at 9 n.6) on the merits of Ground 1 to be debatable or wrong.

First, Ground 1 is not a claim that presents issues of fact for an evidentiary hearing. Ground 1 is a claim of trial error based upon the state trial court's denial of a motion for mistrial based upon statements by a prosecution witness during her testimony that related to gang affiliation. The witness' statements in the record either were a basis for a mistrial or they were not. Petitioner did not identify any specific factual issues for an evidentiary hearing prior to final disposition on the claim in this Court. He does not identify any specific factual issues – over and above conclusory boilerplate argument – warranting an evidentiary hearing on this ground in the COA application.

Against this backdrop, petitioner's corollary arguments – that he is entitled to an evidentiary hearing because he allegedly presented a colorable claim and because the respondents denied all material allegations other than those found by the state courts – beg the question. There is no issue to hold an evidentiary hearing on with regard to a claim of trial error based upon the introduction of allegedly improper evidence. Federal habeas courts do not hold evidentiary hearings merely as an empty exercise.

Second, petitioner's argument that he was not permitted to develop a full factual record in the state courts is meritless on its face. Petitioner urges that the Nevada fast track procedure on direct appeal did not permit him to develop additional facts. This argument is fallacious. The motion for mistrial was brought in the trial court in a state criminal proceeding where petitioner was represented by counsel. The fast-track rules on a subsequent appeal did not preclude trial counsel from seeking to present to the state trial court any further – to this day as-yet unspecified – factual development necessary for adjudication of the motion. The argument that petitioner was precluded from making a factual record in the state courts as to this claim is frivolous.

A COA therefore will be denied on this issue.

/ / / /

***Equitable Tolling Subsequent to the Filing of the Original Federal Petition***

Jurists of reason would not find the district court's rejection (in #70, at 28) of petitioner's argument seeking equitable tolling after the filing of the federal petition to be debatable or wrong.

This Court held that petitioner was entitled to equitable tolling up through the filing of the state petition on November 20, 2005, due to a somatoform disorder that impeded his ability to pursue post-conviction relief without active assistance. Petitioner ultimately was able to obtain such active assistance from a cellmate, Derek Costantino. With Costantino's assistance, petitioner filed the state petition on November 20, 2005. Also with Costantino's assistance, petitioner filed the federal petition in this matter on August 3, 2006, less than a year after the filing of the state petition. See #70, at 17-19 (conclusions of law); see also *id.*, at 4-8 (underlying findings of fact).

With regard to the period on and after November 20, 2005, the assisted petitioner filed a state post-conviction petition, pursued an appeal of the denial of that petition in the state supreme court, and filed the August 3, 2006, federal petition. Petitioner's pursuit of both state and federal petitions during this time period demonstrates that he was able to present claims notwithstanding the combination of circumstances that previously had stood in his way. Petitioner must demonstrate a causal relationship between the alleged circumstances that stood in his way and the untimely filing. He clearly cannot do so vis-à-vis any claims that were not timely presented after November 20, 2005. See #70, at 28.

The Court further notes that petitioner was represented by federal habeas counsel on and after December 21, 2006. He cannot viably claim equitable tolling based upon his somatoform disorder during the time that he was represented by counsel. Federal habeas counsel did not file the amended petition until November 2, 2007, well after any *arguendo* remaining untolled time had expired. A COA therefore will be denied on this issue.[1]

---

[1] Counsel asserts that petitioner was "not capable of assisting in the identification or litigation of any claims sought to be raised." #88, at 13. There is no evidentiary support for this assertion in the factual record
(continued...)

***Alleged Improper Handling of 1997 Filing***

Petitioner seeks to pursue an issue on appeal challenging the adequacy of the state time-bar applied to his 2005 petition under N.R.S. 34.726, as to the claims in Grounds 2 and 7, because of an alleged improper handling of a 1997 state court filing by petitioner.

Petitioner filed a petition for production of documents, not a state post-conviction petition, in 1997. The state district court granted the request for production of documents and denied an accompanying motion for counsel. Petitioner filed nothing further in the state district court after the petition for production was granted, and he did not pursue an appeal to the state supreme court after the petition was granted.

This Court held that "[p]etitioner's continued strained attempt to portray the petition for production instead as a state postconviction petition that was improperly dismissed provides no viable basis for concluding that N.R.S. 34.726(1) did not constitute an adequate state law ground in this case." Jurists of reason would not find the district court's rejection of this argument to be debatable or wrong. Petitioner simply is repeating a baseless argument that is directly belied by the record. See #70, at 38; see also *id.*, at 2-3 & 11-15.

---

[1](...continued)
presented in the district court following an evidentiary hearing that was specifically directed to tolling issues. Indeed, the hearing order expressly stated:

> The Court has not determined at this juncture whether or not Grounds 1 through 6 and Ground 8 in the first amended petition relate back to the filing of the original petition, given that the timeliness of the original petition is an antecedent threshold issue. The parties accordingly should approach the tolling issues in the evidentiary hearing on the *arguendo* assumption that additional tolling, over and above any tolling established as to the original petition, potentially may be required to render these claims in the first amended petition timely.

#41, at 1. The expert who testified at the evidentiary hearing clearly and expressly did not provide any opinion testimony that petitioner was not competent to assist counsel, at any time. See #70, at 31-32. He instead opined that petitioner was not able due to his somatoform disorder to follow through with the multiple tasks required to pursue post-conviction relief without assistance. This Court similarly made no finding that petitioner was unable to assist counsel. #70, at 18. Petitioner, with assistance, quite clearly has been filing claims and pursuing litigation in state and federal court since November 20, 2005, belying any claim that his somatoform disorder precludes the filing of claims when he has the assistance of another individual to provide direction and organization.

1   Repeatedly stating that a thing is something that it is not does not make it so. Nor
2 does it present a COA-worthy issue for appeal.
3   A COA therefore will be denied on this issue.

*** Alleged Inconsistent Application of N.R.S. 34.726 ***

5   Petitioner seeks to pursue an issue on appeal challenging the adequacy of N.R.S.
6 34.726 on the basis that it is inconsistently applied by the state supreme court.

7   Under well-established Ninth Circuit law, the consistency of the state supreme court's
8 application of N.R.S. 34.726 has been established up through 1996; the petitioner has the
9 burden of citing apposite case law showing inconsistent application of *this* procedural rule for
10 time periods thereafter; and, if he fails to do so, the federal court must presume that the state
11 procedural rule is adequate. See authorities cited in #70, at 36-37.

12   In the present case, petitioner sought to show inconsistent application of N.R.S. 34.726
13 by citing cases regarding an entirely different procedural rule, the contemporaneous objection
14 rule. Under established Ninth Circuit law, cases that concern other procedural rules and that
15 do not discuss the application of the procedural rule barring an untimely post-conviction
16 petition "are not relevant" to the question of whether N.R.S. 34.726(1) has been consistently
17 applied. *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th Cir. 1996).

18   Jurists of reason would not find the Court's rejection of this argument to be debatable
19 or wrong. The argument has no conceivable merit under, and flies in the face of, established
20 Ninth Circuit authority. See #70, at 35-27. A COA therefore will be denied on this issue.

*** Alleged Erroneous Rejection of Cause Argument by the State Supreme Court ***

22   Petitioner seeks to pursue an issue on appeal contending that N.R.S. 34.726 cannot
23 bar his claims because the state supreme court erroneously rejected his claim of good cause
24 on state post-conviction review.

25   As this Court noted in rejecting this argument, in applying the federal procedural default
26 doctrine, "the Court is not reviewing the state court's application of state law principles but
27 instead is applying federal law in determining whether petitioner has demonstrated cause and
28 prejudice to excuse the procedural default in the state court." #70, at 38 n.19. If petitioner

1 demonstrates cause and prejudice in federal court under federal case law, he overcomes the
2 procedural default. If he does not do so, he cannot overcome the procedural default by
3 arguing that the state court erroneously rejected his cause argument.[2]

4 Reasonable jurists would not find the rejection of the argument debatable or wrong.
5 The argument is redundant and superfluous and does not present a substantial independent
6 issue for appeal. A COA therefore will be denied on this issue.

### *Ineffective Assistance of Counsel as Cause*

8 Petitioner seeks to pursue an issue on appeal relying upon ineffective assistance of
9 counsel to establish cause and prejudice.

10 This Court's reasons rejecting this argument clearly demonstrate that the argument has
11 no conceivable merit:

> In the present case, petitioner seeks to establish cause and prejudice due to ineffective assistance of counsel based upon the underlying ineffective assistance claims themselves.
> . . . .
>
> This argument misses the mark, widely. Grounds 2 and 7 are claims of ineffective assistance of trial counsel. See Conclusion Nos. 24 and 25. A federal habeas petitioner can not establish cause and prejudice excusing the procedural default of an ineffective assistance claim merely by pointing to the fact that the underlying claim itself is an ineffective assistance claim. Such a circular argument has absolutely no support in the governing case law.
>
> Rather, the petitioner must establish not that the underlying claim was based upon ineffective assistance of counsel but instead that the *default* of the underlying claim in the state court was caused by ineffective assistance of counsel. *See, e.g., Coleman*, 501 U.S. at 752, 111 S.Ct. at 2566. The procedural bar applied by the Supreme Court of Nevada in this case was based upon the petitioner's failure to file the state post-conviction petition timely. The claims of ineffective assistance of trial counsel presented in Grounds 2 and 7 could not be presented either at trial or on direct appeal, and trial counsel was not

---

[2] In habeas cases arising in Nevada, the grounds for avoiding a procedural bar in the Nevada state courts, such as the state post-conviction time-bar, are substantially the same in the state courts as they are in federal court. *See, e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004) (recognizing that Nevada's cause-and-prejudice analysis and the federal cause-and-prejudice analysis are nearly identical).

> charged with the responsibility of pursuing state post-conviction relief. Petitioner sought state post-conviction relief *pro se*, such that the failure to seek timely post-conviction relief was his own failure rather than a failure by counsel. Moreover, even if Schneider had been appointed counsel for seeking state post-conviction relief, it is well-established law that a petitioner cannot base a claim of cause and prejudice upon an alleged failure of post-conviction counsel because a petitioner has no constitutional right to counsel in the state post-conviction proceedings. *E.g., Coleman, supra*.
>
> Petitioner's reliance upon ineffective assistance of counsel to establish cause for the procedural default resulting from his untimely *pro se* filing of his state post-conviction petition is a complete *non sequitur*. An allegation of ineffective assistance of counsel has no bearing upon the issue of cause regarding the procedural default in question in this case.

#70, at 38-39 (footnote omitted).

Jurists of reason would not find the rejection of this argument to be debatable or wrong, as the argument clearly does not present a COA-worthy issue. A COA therefore will be denied on this issue.

***Failure to Appoint Counsel and Hold Evidentiary Hearing as Cause***

Petitioner seeks to pursue an issue on appeal seeking to establish cause based upon the state court's failure to appoint counsel and hold an evidentiary hearing.

Jurists of reason would not find the rejection of this argument debatable or wrong. There is no constitutional right to appointment of counsel in state post-conviction proceedings. The failure to appoint counsel and hold an evidentiary hearing *after* a petition is filed in any event clearly cannot excuse the failure to *file* the petition timely. The state court's action on a 1997 petition for production – which clearly was not a state post-conviction petition – in which the court granted the petition but denied counsel did not constitute a factor that thereafter impeded petitioner from pursuing post-conviction relief for the next eight years. Nor did petitioner allege in the 1997 petition for production that he needed appointment of counsel due to any mental health condition. See #70, at 40-41.

Jurists of reason therefore would not find the rejection of this argument to be debatable or wrong. A COA accordingly will be denied as to this issue.

/ / / /

IT THEREFORE IS ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 22(b) of the Federal Rules of Appellate Procedure, petitioner's application (#88) for a certificate of appealability is GRANTED IN PART and DENIED IN PART, as further specified below.

IT FURTHER IS ORDERED that a certificate of appealability is GRANTED as to:

(a) the rejection of Ground 1 on the merits;

(b) the holding that Grounds 3, 4, 5 and 6 in the amended petition do not relate back to the original petition; and

(c) the holding that petitioner's mental condition did not provide a basis for cause for the purpose of overcoming the procedural default of Grounds 2 and 7.

IT FURTHER IS ORDERED that a certificate of appealability is DENIED as to:

(a) the denial of an evidentiary hearing on Ground 1;

(b) petitioner's claim of equitable tolling as to the period between the filing of the original federal petition and the amended federal petition;

(c) petitioner's challenge to the adequacy of the state time-bar applied to a 2005 post-conviction petition under N.R.S. 34.726 based upon an alleged improper handling of a 1997 state court filing by petitioner;

(d) petitioner's materially unsupported challenge to the adequacy of N.R.S. 34.726 on the basis that it is inconsistently applied by the state supreme court;

(e) petitioner's argument that N.R.S. 34.726 cannot bar his claims because the state supreme court allegedly erroneously rejected his claim of good cause on state post-conviction review;

(f) petitioner's effort to rely upon ineffective assistance of counsel to demonstrate cause and prejudice for failure to timely file post-conviction claims of ineffective assistance of trial counsel; and

  (g) petitioner's argument seeking to establish cause for the untimely filing of the state petition based upon the state court's failure to appoint counsel and hold an evidentiary hearing.

The matter is postured for transmittal of the appeal by the Clerk of this Court to the Court of Appeals.

DATED: March 31, 2010.

_____
KENT J. DAWSON
United States District Judge